## TIMOTHY E. ROBINSON *vs.* JOHN H. HALL.

A promissory note, inserted by a bankrupt in his schedule of assets filed under the U. S. bankrupt law of 1841, was afterwards assigned to him by his assignee under § 3 of that act. *Held* that he might sue in his own name on a judgment recovered on the note before he was declared a bankrupt.

ACTION OF CONTRACT upon a judgment for $352.32 damages and $39.97 costs, recovered in this court at April term 1842 on a promissory note for $233.33. The case was submitted to the decision of the court upon these facts :

On the 14th of April 1842 the plaintiff applied for the benefit of the United States bankrupt act of 1841, and inserted in his

schedule of assets this note, describing it as in the hands of an attorney for collection; and in July 1842 he was declared a bankrupt, and an assignee of his estate was appointed. The plaintiff afterwards obtained a certificate of discharge, and the assignee in his final account "having realized nothing from the notes and demands, and the other property not being of much value," "assigned the balance to the bankrupt, under the head of deficiency in the sale of personal estate," under § 3 of the bankrupt law, which provides that "all the property and rights of property, of every name and nature, and whether real, personal or mixed, of every bankrupt, except as is hereinafter provided, who shall by a decree of the proper court be declared a bankrupt within this act, shall by mere operation of law, *ipso facto*, from the time of such decree be deemed to be divested out of such bankrupt, without any other act, assignment, or other conveyance whatsoever; and the same shall be vested, by force of the same decree, in such assignee as from time to time shall be appointed by the proper court for this purpose:" "Provided, however, that there shall be excepted from the operation of the provisions of this section the necessary household and kitchen furniture, and such other articles and necessaries of such bankrupt as the said assignee shall designate and set apart, having reference in the amount to the family, condition and circumstances of the bankrupt, but altogether not to exceed in value, in any case, the sum of three hundred dollars; and also the wearing apparel of such bankrupt, and that of his wife and children; and the determination of the assignee in the matter shall, on exception taken, be subject to the final decision of said court."

*B. Sanford*, for the plaintiff.

*J. Daggett*, for the defendant.

SHAW, C. J. Taking all the papers together, it appears that the assignee assigned to the bankrupt this note as part of the deficiency in personal estate. It not appearing that its value exceeded three hundred dollars, it was competent for the assignee to do so. U. S. St. of 1841, sess. 1, *c.* 9, § 3, 5 U. S. Sts. at Large, 443. *In re Grant*, 2 Story R. 312. The note in the

schedule and the judgment produced are for the same debt. And the bankrupt, having acquired the beneficial interest by such assignment, may sue in his own name. *Stone* v. *Hubbard*, 7 Cush. 595. *Judgment for the plaintiff*